**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COUNTY OF SANTA CRUZ; COUNTY OF SONOMA; COUNTY OF SAN DIEGO; COUNTY OF MARIN; COUNTY OF SANTA BARBARA; COUNTY OF SAN LUIS OBISPO; COUNTY OF MONTEREY, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs - Appellants,<br><br>   v.<br><br>KATHLEEN SEBELIUS,<br><br>   Defendant - Appellee. | No. 08-16389<br><br>D.C. No. 3:07-cv-02888-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted April 13, 2009
San Francisco, California

Before: REINHARDT, NOONAN and McKEOWN, Circuit Judges.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Various counties of the state of California ("the Counties") brought this action against the Secretary of the Department of Health and Human Services ("the Secretary") raising constitutional and statutory claims in connection with reimbursement under Medicare. The Counties' constitutional claims asserted that Secretary's failure to revise the "fee schedule areas" that determine the fees paid to the Counties for providing Medicare services violated the Counties' equal protection and due process rights, and that 42 U.S.C. § 1395 w-4(1)(2) (the "Fee Schedule" statute) and the regulation implementing this statute, 42 C.F.R. § 414.4, are unconstitutional as applied to the Counties because they deprived them of property and equal protection. The Counties' statutory claims asserted that the Secretary's failure to revise the fee schedule areas violated various provisions of the Administrative Procedure Act and the Medicare Act.

The district court dismissed the Counties' constitutional claims on the ground that the Counties did not qualify as persons under the Fifth Amendment, and thus lacked standing. The court dismissed the Counties' statutory claims on the ground that they are barred by statute. We affirm the district court's dismissal of the Counties' statutory and due process claims, and remand the Equal Protection claims.

We affirm the district court's dismissal of the Counties' statutory claims. The Medicare statute bars judicial review of the "establishment of geographic adjustment factors under subsection (e)." 42 U.S.C. § 1395w-4(i)(1)(d). The challenge to the Fee Schedule necessarily involves a challenge to the geographic adjustment factors. The district court appropriately concluded that it lacked jurisdiction over the statutory claims related to the fee schedule areas.

We also affirm the district court's dismissal of the Counties' due process claims. We conclude that, at least for purposes of the claim before us, the counties are persons. Nonetheless, the Counties' due process claims fail because the Counties do not have a property right to any particular payment by Medicare. See Erickson v. U.S. ex rel. Dept. of Health and Human Services, 67 F.3d 858, 862 (9th Cir. 1995).

Finally, we remand the Counties' Equal Protection claims. Because we conclude, at least for purposes of this claim, that the Counties are persons, we move to considering whether the Secretary's decision not to revise the fee schedule areas is supported by a rational basis. The district court did not reach this issue. In response to our request for supplemental briefing on rational basis, the Secretary relied on the rationality of the 1996 revision of the fee schedule, while the Counties pointed to demographic changes that made the 1996 schedule irrational. We

3

cannot decide this issue on the complaint and the briefs alone. Accordingly, we remand the Equal Protection claims to the district court for further proceedings.

For the forgoing reasons, the judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.

<u>County of Santa Cruz v Sebelius,</u> No. 08-16389

Reinhardt, Circuit Judge, concurring in part and dissenting in part

I concur in the remand of the Equal Protection claim and agree that Counties are persons for purposes of the Counties' constitutional claims.

I dissent from the majority's affirmance of the district court's dismissal of the Counties' statutory claims because, in my view, 42 U.S.C. § 1395w-4(i)(1)(D) does not bar judicial review of fee schedule areas. The statute does not explicitly bar such review. The majority does not dispute this fact, but decides instead that it implicitly bars review of fee schedule areas because it bars review of geographic adjustment factors (GAFs) subcomponents, and fee schedule areas constitute GAF subcomponents.

The statute's plain language, legislative history, and purpose show the error in the majority's reasoning. Congress explicitly enumerated several areas of Medicare for which judicial review is prohibited (including conversion factors, adjusted historical payment basis, and more important to the case before us, the establishment of GAFs), but it did not include fee schedule areas in this list. Because Congress omitted fee schedule areas from the factors enumerated in the statutory bar, it is reasonable to infer from its action that Congress intended to permit rather than to prohibit courts from reviewing challenges to the

determination of fee schedule areas. Congress also explicitly enumerated several subcomponents of the GAFs, (including procedure codes for physicians' services and relative value unites), but it did not include fee schedule areas as a subcomponent. Nor can fee schedule areas simply be assumed to be subcomponents of GAFs, as the majority believes. Whereas GAFs are tools that the HHS secretary uses to adjust payments for Medicare services, fee schedule areas are geographic entities that GAFs measure. *See* 42 U.S.C. § 1395w-4(j)(2) (defining a fee schedule area as "a locality used . . . for purposes of computing payment amounts for physicians' services").

Legislative history also supports the proposition that Congress did not intend that § 1395w-4(i)(1)(D) bar judicial review of fee schedule areas. The Senate deleted a prohibition against judicial review of fee schedule areas from the earlier House version of the statute that became the 1989 Omnibus Budget Reconciliation Act. *Compare* 135 Cong. Rec. H5984-05 at H6023 *with* 135 Cong. Rec. S13911-04 at S13928-29. The Supreme Court has held that in comparing earlier versions of a statute with the final version, courts may infer that Congress intentionally omitted items that were included in the earlier versions but omitted from the final version. *See Russello v. United States*, 464 U.S. 16, 23-24 (1983).

Finally, analysis of statutory purpose supports judicial review of fee service

2

areas. Because GAFs are overhauled frequently, but fee service areas are not, a bar to judicial review helps to ensure efficient administrative handling of GAF changes, but provides no such help with respect to fee service areas. The statute requires that the HHS Secretary review GAF indices every three years and update the fee schedule annually, but imposes no such requirement for regular review or designation of fee schedule *areas*. 42 U.S.C. § 1395w-4(b)(1) & (e)(1)(c). In the absence of a congressional mandate, the HHS Secretary has in fact updated the fee schedule areas just *once*, over eleven years ago. A bar on judicial review could hardly be said to promote efficiency or timeliness with respect to a matter that is so infrequently the subject of review or change. In fact, should the setting of fee schedules on the basis of such unmodified area determinations have the disparate and unfair effect alleged by the plaintiffs on the compensation received by physicians and hospitals, it would seem to demonstrate that Congress could not have intended that the failure of HHS to establish fair and reasonable boundaries for fee schedule areas should go permanently unreviewed by the courts.

For the foregoing reasons, I dissent from the majority's conclusion that Congress intended that 42 U.S.C. § 1395w-4(i)(1)(D) bar judicial review of fee schedule areas.

I also dissent from the court's failure to remand the Due Process claim on

3

the ground that the Counties do not have a "property right" to Medicare payments. This issue is a close and important one that was not adequately briefed or argued by the parties, nor decided by the district court. Rather than decide that issue here, without adequate consideration, I would remand it to the district court for an initial and thorough review.

County of Santa Cruz v. Sebelius, No. 08-16389

McKEOWN, Circuit Judge, concurring in part and dissenting in part:

I join in affirming dismissal of the Counties' statutory claims. I concur in the judgment dismissing the due process claims. I do not concur in the conclusion that the counties are persons for purposes of this suit. This novel question requires more nuanced consideration and, in my view, it is unnecessary to decide the issue in this case. I write separately to respectfully dissent from remand of the Equal Protection claim.

There is a fundamental reason why we do not need to address the "Counties as persons" argument. The Complaint identifies no cognizable Equal Protection claim as the government offers a viable rationale for its approach to the Fee Schedule Areas. The Counties certainly have well-documented reasons to object to the lag between their payment levels under the current Fee Schedule Areas and their real costs to provide care. But the Secretary's stated reasons for maintaining the current Fee Schedule Areas, based on the 1996 revision, pass the "highly deferential" review applicable under the Equal Protection Clause. See Kahawaiolaa v. Norton, 386 F.3d 1271, 1279-80 (9th Cir. 2004). The Secretary stated that the Fee Schedule Areas established in the 1996 revision best met the goal of the revision process, which was to simplify payment areas and reduce disparities among geographic areas, while maintaining accuracy in tracking price

differences across areas.  The Secretary further declared that a solution has not yet been found that would better remedy the issue of geographic variations in costs without creating negative redistributive impacts and an increased administrative burden.  The Secretary's rationale for not revising the 1996 Fee Schedule Areas is sufficient to pass our review.  "In the end, we must commit this question to Congress to apply its wisdom in deciding" whether to alter the requirements for updating the Fee Schedule Areas.  Id. at 1283.

For these reasons, I dissent from remand of the Equal Protection claim, and would affirm the district court's dismissal of that claim.